ROBERT McILVAINE, Respondent, *v.* R. D. LANCASTER, GAR-
NISHEE OF THOMAS F. SMITH, Appellant.

*Garnishment — Trustee — Rents.* — Where one, as agent, collected rents for the trustee of another, and was garnisheed as debtor of the beneficiary, according to the decision of this court in the case of McIlvaine v. Smith (*ante*, p. 45) these rents were a trust fund in the hands of the trustee until paid over by him to the beneficiary, and the agent could not be made liable under this process, as the debtor of the beneficiary, for rents so collected as the agent of the trustee.

*Appeal from St. Louis Circuit Court.*

*A. J. P. Garesche & Mead,* for appellant.

I. A trustee can only be sued in equity, and a garnishment is a law proceeding. (Curling *et al.* v. Hyde, 10 Mo. 376.)

II. An agent, not of the debtor, but of a third person, creditor of the debtor, is not liable to be garnisheed, because there is no privity of contract between him and the debtor. A creditor's bill, if any, is the only remedy for the party to enforce payment out of the trust fund. (Drake on Att. § 487 ; Pratt *et al.* v.

Scott, 19 Mo. 625 ; Gould v. Newburyport R.R., 14 Gray, Mass., 472 ; Skowhegan Bk. v. Farrar, 46 Maine, 293, particularly cases reviewed in opinion ; Johns v. Allen, 5 Harring. 419 ; Plunket v. Le Huray, 4 Harring. 436.)

*Cline, Jamison & Day*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

The defendant, Lancaster, was an agent to collect rents for the trustee of Thomas F. Smith, and was garnisheed as a debtor of Smith, the beneficiary. Judgment was rendered against the garnishee upon his answer, and the case was appealed to this court.

According to the decision in McIlvaine v. Smith *et al.*, at this term, these rents were a trust fund in the hands of the trustee until paid over by him to the beneficiary, and the agent could not be made liable under this process, as the debtor of Thomas F. Smith, for rent so collected as the agent of the trustee.

The judgment will be reversed and the garnishee discharged. The other judges concur.